IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DERRICK ARDOIN | § | |
| | § | CIVIL ACTION NO. _____ |
| Plaintiff, | § | |
| | § | Judge _____ |
| VS. | § | |
| | § | |
| TRIPLE R BROTHERS, LTD. | § | |
| D/B/A RITTER @ HOME and | § | |
| RITTER LUMBER COMPANY | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.  Plaintiff, Derrick Ardoin, is an individual citizen of the State of Texas.

2.  Defendant, Triple R Brothers, Ltd. d/b/a Ritter @ Home and Ritter Lumber Company, is a Texas corporation who may be served by serving its Registered Agent, Allan B. Ritter, 1050 Detroit, Nederland, Texas 77627.

### B. Jurisdiction

3.  The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4.  Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Beaumont, Texas, which is within this district. The unlawful employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5.  Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Racial Discrimination Under Title VII

6.  Plaintiff is a black male employee protected under Title VII, 42 U.S.C. §2000e(f).

7.  Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

8.  Defendant intentionally discriminated against plaintiff because of his race in violation of Title VII, U.S.C. §2000e-2 by denying employment opportunities and treating plaintiff differently than employees of other races.

9.  Plaintiff was hired by defendant on or around April 19, 2012. Plaintiff worked in defendant's warehouse. Plaintiff's supervisor repeatedly referred to him as a "mother f---ing n----r" and other racially charged words. Plaintiff reported this behavior to another supervisor, who told plaintiff she could do nothing about it. The harassment became so severe, plaintiff had to take days off of work. After complaining about the behavior to management, the discrimination increased leading to plaintiff's termination.

### Retaliation Under Title VII

10. Defendant unlawfully retaliated against plaintiff because he opposed a practice made unlawful by Title VII. Plaintiff reported unlawful discrimination to his store manager and district manager. The managers informed plaintiff that, since he had contacted the EEOC, defendant no longer needed plaintiff working for them.

11.     Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a). The defendant subjected plaintiff to an adverse employment action by terminating his employment. A causal link exists between the protected activity and the defendant's action. Any other reasons by defendant for the adverse employment action are merely pretexts.

### F. Racial Discrimination Under 42 U.S.C.§ 1981

12.     Plaintiff is a member of a protected class, African American race.

13.     At all times relevant, plaintiff was in a contractual relationship with defendants within the meaning of 42 U.S.C. § 1981. An employee subject to at-will termination under Texas law nevertheless has a "contract" with his employer, as required to maintain a § 1981 racial discrimination action against employer. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

14.     During the course of plaintiff's employment, defendant violated plaintiff's rights by depriving plaintiff of his right to the enjoyment of all benefits, privileges, terms and conditions of plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.§ 1981(b).

15.     During the course of plaintiff's employment with defendant, plaintiff did not enjoy the same benefits, privileges, terms and conditions of employment as did white employees.

16.     Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

17. Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the right to make and enforce contracts "as enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

18. Through its actions and treatment of plaintiff, defendant intended to discriminate against plaintiff on the basis of his race.

## G. Damages

19. As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling him to the following remedies:

   a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

   b. Reinstatement;

   c. Front pay, if reinstatement is inappropriate.

   d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

   e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## H. Attorney Fees

20. Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## I. Additional Damages

21. In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

## J. Jury Demand

22. Plaintiff requests a trial by jury.

## K. Prayer

23. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Reinstatement to his prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Attorney fees and courts costs; and

   g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF